UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN BRAXTON, :
:
       Plaintiff, :    Civ. No. 13-3266 (RBK) (JS)
:
  v. :    **OPINION**
:
JMC GASBARRO, et al., :
:
       Defendants. :

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Plaintiff is incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this matter was administratively terminated as plaintiff had failed to pay the $400.00 filing fee or submit a complete application to proceed *in forma pauperis*. Plaintiff has now filed a complete application to proceed *in forma pauperis*. Thus, this matter will be reopened. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed in part.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names two defendants in the complaint:  (1) JMC Gasbarro – Brigantine Municipal Court Judge; and (2) Ralph Spina – Detective Brigantine Police Department.  Plaintiff alleges that Spina telephoned Judge Gasbarro to issue a warrant against plaintiff.  Plaintiff claims that Spina and the victim reported disinformation to get the warrant signed.  Plaintiff further states that Judge Gasbarro found that there was probable cause to charge him.  The precise charges against plaintiff are somewhat unclear, but he alleges that Spina claimed that the victim suffered a broken nose after being assaulted.  Plaintiff alleges that his due process rights were violated by the defendants and seeks compensatory damages.

## III.     STANDARD OF REVIEW

A. Standard for Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*,

2

492 F. App'x 230, 232 (3d Cir. 2012) (per curaim) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

>    judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV.  DISCUSSION

A.  <u>Judge Gasbarro</u>

Plaintiff names Judge Gasbarro as a defendant in this case because he signed off on the warrant against plaintiff.  A judicial officer has immunity in the performance of his duties.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).  The immunity is absolute and cannot be overcome by allegations of bad faith or malice.  *See id.*  There are two exceptions:  (1) for non-judicial actions, not taken in the judge's official capacity; and (2) for actions which, although judicial in nature, were taken in the complete absence of jurisdiction.  *See id.* at 11-12.  Whether an act is judicial relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted).

In this case, Judge Gasbarro's issuance of a warrant against plaintiff is quintessentially a judicial act that is entitled to judicial immunity.  *See Mendoza v. Larotonda*, 270 F. App'x 157, 159 (3d Cir. 2008) (per curiam) (judge immune from suit for issuing bench warrant against plaintiff because issuance of warrant was official act taken in judge's functional capacity as a

4

judge) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Gallas*, 211 F.3d at 768). Accordingly, plaintiff's claims against Judge Gasbarro will be dismissed with prejudice as he immune from suit.

   B. Ralph Spina

Plaintiff alleges that Spina is liable because he reported disinformation to get a warrant against him. As noted by the Third Circuit, "[e]ven where police officers obtain an arrest warrant, '[d]efendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue. . . ." *Cluver v. Borough of Sayreville*, 557 F. App'x 180, 182 (3d Cir. 2014) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). At this early screening stage, the Court will permit plaintiff's claim against Spina to proceed past screening.

## V.   CONCLUSION

For the following reasons, plaintiff's claims against Judge Gasbarro will be dismissed with prejudice as he is immune from suit. Plaintiff's claims against Spina will be permitted to proceed. An appropriate order will be entered.

DATED: April 29, 2015

                                      s/Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge