UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN D. BRAXTON,

    Plaintiff,

v.

RALPH SPINA,

    Defendant.

Civ. No. 13-3266 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff is proceeding *pro se* with a civil rights complaint. Previously, this Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and permitted the complaint to proceed only against defendant Ralph Spina. Presently pending before this Court is defendant Spina's motion for summary judgment. Plaintiff did not file a response in opposition to Spina's motion for summary judgment. For the following reasons, Spina's motion for summary judgment will be granted.

## II.    LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.,* 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.,* 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no

genuine issue of material fact remains. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *See Anderson,* 477 U.S. at 248; *see also* FED. R. CIV. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990); *see also Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.,* 470 F.3d 535, 538 (3d Cir. 2006) ("To prevail on a motion for summary judgment, the nonmoving party needs to show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial.").

### III.   BACKGROUND

The complaint arises from the issuance of an arrest warrant against plaintiff. Spina is a detective with the Brigantine Police Department. According to the complaint, he telephoned Judge Gasbarro to issue an arrest warrant against plaintiff. Plaintiff states in the complaint that Spina and the victim reported disinformation to the judge to get the warrant signed. The complaint alleges that Spina claimed that the victim suffered a broken nose when, in fact, she had not. Plaintiff's remaining claim against Spina is that he falsely arrested him by providing false information to Judge Gasbarro who issued the arrest warrant.

This Court permitted the complaint to proceed past screening, but that does not necessarily entail that this case should move forward at this summary judgment stage. Indeed, plaintiff did not even file a response in opposition to Spina's motion for summary judgment. Therefore, at this stage of the proceedings, this Court will deem Spina's statement of material facts as undisputed for purposes of deciding this motion. *See* L.Civ.R. 56.1(a).

## IV. DISCUSSION

As the United States Court of Appeals for the Third Circuit has noted:

> Where a police officer causes an arrest to be made pursuant to a warrant which he obtained on the basis of statements he knew to be false or on the basis of statements he makes in reckless disregard of the truth, a plaintiff may recover damages under section 1983 for "unreasonable seizure" of his person in violation of the Fourth Amendment. *See Forster v. County of Santa Barbara,* 896 F.2d 1146, 1148 (9th Cir. 1990) (per curiam) (adopting the standard of determining the validity of search warrants enunciated by *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 in permitting section 1983 plaintiffs to recover for violations of the Fourth Amendment); *Haupt v. Dillard,* 794 F.Supp. 1480, 1490 (D.Nev. 1992) (same).

*Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993) (footnotes omitted). Accordingly:

> a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause."

*Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).

> [A]ssertions can be made with reckless disregard for the truth even if they involve minor details—recklessness is measured not by the relevance of the information, but the demonstration of willingness to affirmatively distort truth. In applying the reckless disregard test to assertions, we have borrowed from the free speech arena and equated reckless disregard for the truth with a "high degree of

3

> awareness of [the statements'] probable falsity." *Lippay v. Christos,* 996 F.2d 1490, 1501 (3d Cir.1993) (quoting *Garrison v. Louisiana,* 379 U.S. 64, 74, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964)); *see also United States v. Clapp,* 46 F.3d 795, 800 (8th Cir.1995) (reckless disregard for the truth is exhibited when expressing that which was not "believed or appropriately accepted" as true). An assertion is made with reckless disregard when "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Clapp,* 46 F.3d at 801 n. 6.

*Wilson*, 212 F.3d at 788. In determining the materiality of the misstatements, a court excises the offending inaccuracies and then determines whether or not the corrected warrant affidavit would establish probable cause. *See Wilson*, 212 F.3d at 789 (citation omitted). If it does, then the grant of summary judgment is proper. *See id.*

> Probable cause exists if there is a "fair probability" that the person committed the crime at issue. *See Sherwood,* 113 F.3d at 401. "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti,* 71 F.3d at 483. A police officer may be liable for civil damages for an arrest if "no reasonable competent officer" would conclude that probable cause exists. *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

*Wilson*, 212 F.3d at 789–90.

There is no issue of material fact outstanding in this case. The purported improper assertion by Spina to the Judge that the victim had a broken nose was not material or necessary to the finding of probable cause to arrest plaintiff. Indeed, prior to obtaining the arrest warrant for plaintiff, Spina interviewed the two victims, Jessica Dandrow – the plaintiff's girlfriend at the time, and Genevieve Wydra. Among the details that Dandrow told Spina were the following in graphic detail:

1. Plaintiff punched Dandrow in the face by her eye after he yelled at her to come upstairs which caused her to bleed and covered her in blood. (Dkt. No. 28-9 at p.2)
2. Plaintiff then took Dandrow in the bathroom and started to choke her and tossed her around. Wydra then came in and plaintiff started throwing both of them around. (*Id.* at p. 3)
3. Plaintiff then made both women take their clothes off and give them everything in their pockets and money in their purses. Dandrow told Spina he took $1,000 from her and an unknown amount from Wydra. (*Id.* at p.3, 5)
4. Plaintiff also hit Dandrow with a baseball bat while she was tied up in her arms and legs. Furthermore, Plaintiff also took his baseball bat and destroyed Dandrow's electronics. (*Id.* at p.3)
5. Plaintiff also threatened Dandrow by saying if she tried to run, he would kill her. (*Id.*)
6. Dandrow saw plaintiff have a gun on him and threatened both women that before the night was over he was going to kill them both (*Id.* at p.3, 4)
7. Dandrow also told Spina that plaintiff took her truck. (*Id.*)

Wydra was also interviewed by Spina and she told him the following in graphic detail:

1. Upon arriving upstairs, Wydra saw blood everywhere in the bathroom and Dandrow was completely covered in blood. (*Id.* at p.10)
2. Wydra saw plaintiff throw Dandrow through the shower door and the door collapsed. (*Id.*)
3. Plaintiff grabbed her under her throat and picked up and that almost caused Wydra to stop breathing. Plaintiff also punched Wydra in the face. (*Id.*)

4. Plaintiff then took Dandrow into the bedroom and threatened to kill Wydra if she locked the door. (*Id.*)

5. Plaintiff also made Wydra take off her clothes and hit her when she did not do it fast enough. (*Id.* at p.11)

6. He then threatened both Wydra and Dandrow by telling them that neither of them were going to make it out alive and that they were both going to die. (*Id.*)

7. Plaintiff then tied each woman's arms and legs together and beat them. (*Id.*)

8. Plaintiff told the women that if they called the police on him that he will have his people shoot Dandrow's family members. (*Id.* at p.14)

After Spina interviewed Dandrow and Wydra, he contacted Judge Gasbarro and briefed him on the incident. Judge Gasbarro gave permission to place charges on plaintiff on a warrant. Arrest warrants were issued against plaintiff for aggravated assault, terroristic threats, criminal restraint, robbery, and theft.

Dandrow's broken nose (or lack thereof) was not material to the finding of probable cause to arrest in this case. Indeed, Spina's interviews with the two eyewitness-victims identified plaintiff as the perpetrator of the assault. Dandrow's injury suffered as a result of the assault does not take away from the probable cause that was present with respect to arresting plaintiff for the assault itself. Indeed, the eyewitness victims described in detail the circumstances of the attack to Spina and identified plaintiff as the perpetrator. *See Cooper v. City of Phila.*, 636 F. App'x 588, 589 (3d Cir. 2016) ("[A] victim's identification, even without any other evidence, will "usually be sufficient to establish probable cause. This rule, while not absolute, is subject only to limited exceptions for cases where the officer is aware of [i]ndependent exculpatory evidence or substantial evidence of the witness's own unreliability. In such instances, the identification might

6

be "fatally undermined.") (internal quotation marks and citations omitted); *Quinn v. Cintron*, 629 F. App'x 397, 399 (3d Cir. 2015) ("[w]hen a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause.") (footnote omitted). There is nothing in the record to suggest that the eyewitness identification was insufficient to establish probable cause to arrest in this case.

## V.  CONCLUSION

For the foregoing reasons, Spina's motion for summary judgment is granted. An appropriate Order will be entered.

DATED:  September 12, 2016                    s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge